ON REHEARING
SWIFT, Judge.
A rehearing was granted in this case because we overlooked an admission in the answer of the New Hotel Monteleone, Inc., which was contrary to a statement of fact made in our original opinion.
We said that the plaintiff refused to sign the agreement containing provisions similar to the written permission for the Carnival parade stands given the Bienville Club in May, 1967, after Mr. and Mrs. Evans executed their new lease May 31, 1968. It has been called to our attention that this was incorrect and the Hotel has admitted such refusal occurred during the negotiations which took place prior to execution of the 1968 Evans lease.
Having heard rearguments of counsel and reconsidered the entire record we are now of the opinion that this error of fact does not alter the original decree of this court.
By letter dated May 16, 1967, the Monte-leone Hotel granted permission to the Bienville Club to erect the parade stands during the 1968 Carnival “and annually thereafter.” This permission and authorization with respect to the use of the Monteleone’s premises became a modification of the then existing lease between the Hotel and the Club and continued therein during its entire term, the expiration date of which does not appear in the record.
Although a lease of immovable property may not be effective as to third persons unless recorded, LSA-C.C. Art. 2266, Mr. Evans personally joined in granting the permission to the Club by his written consent of May 11, 1967, and was to that extent a party in respect to that aspect of the lease, and not a third person, LSA-C.C. Art. 3556(32). Knowing the Bienville Club had the right to erect Carnival stands in front of the Fashion Post when plaintiff entered into his lease in 1968, the lease which he acquired was subject to the permission and authority given the Bienville Club by his landlord and he was and is obliged to respect same until the expiration of the Monteleone-Bienville lease which was then in effect. Roth Co. v. St. Charles Tire Co., 172 So. 50 (La.App. Orleans, 1937). This is true even though Mr. Evans refused to sign the subsequent agreement confirming his concurrence with the permission and authority theretofore given the Club by the Hotel which such document was presented to him during the negotiations for the new lease of that part of the premises occupied by the Fashion Post.
For the foregoing reasons we reinstate the original decree.
Original' decree reinstated.